**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO.: 1:09-CV-00131-TBR**

| | |
|---|---|
| **NORTH METCALFE VOLUNTEER** | |
| **FIRE DEPARTMENT, INC.** | **PLAINTIFF** |
| v. | |
| **REBERLAND EQUIPMENT, INC.** | **DEFENDANT/THIRD-PARTY PLAINTIFF** |
| and | |
| **FIROVAC POWER SYSTEMS, INC.** | **DEFENDANT** |
| v. | |
| **AMERICAN ALTERNATIVE** | **THIRD-PARTY** |
| **INSURANCE CORPORATION** | **DEFENDANT** |

**MEMORANDUM OPINION**

This matter is before the Court upon Plaintiff, North Metcalfe Volunteer Fire Department's, Motion to Dismiss Defendant Reberland Equipment, Inc.'s Third-Party Complaint (Docket #9). Defendant and Third-Party Plaintiff, Reberland Equipment, Inc., has responded (Docket #11). Plaintiff has replied (Docket #12). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion to Dismiss is GRANTED.

**BACKGROUND**

On or about September 22, 2005, North Metcalfe Volunteer Fire Department, Inc., ("North Metcalfe VFD") contracted with Reberland to purchase a 3,000 gallon Poly Hawk Firovac apparatus which had been manufactured by Reberland or Firovac. On July 7, 2006, the apparatus was delivered and mounted onto the 2006 Kenworth T300 Water Tanker Truck by Reberland.

On October 1, 2008, Christopher D. Emerson and Gary Fancher were driving the fire truck on Highway 496 in Edmonton, Kentucky, responding to a house fire in an effort to assist the

Edmonton-Metcalfe Fire Department. The fire truck went around a curve when the apparatus shifted and separated from the truck causing the two firefighters driving to lose control of the vehicle. The roof of the cab was removed ejecting the two men and the vehicle was overturned coming to rest in a roadside embankment. Significant damage to the vehicle, as well as the portable equipment on board, has been alleged.

American Alternative Insurance Corporation ("AAIC") was North Metcalfe VFD's insurer at the time of the incident at issue. AAIC analyzed North Metcalfe VFD's loss and paid $209,338.48 to North Metcalfe VFD for its alleged damages. Reberland states that AAIC subsequently notified Reberland of its intent to seek subrogation of the damages AAIC paid for the loss at issue.

The present action against Reberland and Firovac Power Systems, Inc., ("Firovac") was filed by North Metcalfe VFD on September 8, 2009. The complaint alleges negligent manufacturing and that Reberland installed the water tank on the fire truck negligently. North Metcalfe VFD also alleges negligent manufacturing by Firovac. AAIC was not named as a party in the action initiated by North Metcalfe VFD. Reberland filed a Third-Party Complaint against AAIC on October 7, 2009. Plaintiff now moves the Court to dismiss Reberland's Third-Party Complaint.

## DISCUSSION

Federal Rule of Civil Procedure 14 states "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The Sixth Circuit explained,

> Rule 14 does not require that a third party defendant be liable to the original plaintiff, in order for the original defendant to proceed with his claim against a third party defendant and recover judgment thereon. On the contrary, it provides that the original defendant may proceed against a person not a party to the action who is or

2

may be liable to him for all or part of the plaintiff's claim against him.

*Huggins v. Graves*, 337 F.2d 486, 489 (6th Cir. 1964); *see also Pusey v. United Parcel Service Co.*, No. 3:06CV-429-S, *1, 2007 WL 1551020 (W.D.Ky. May 24, 2007). Thus, Wright and Miller state, "[t]he crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third party defendant the liability asserted against him by the original plaintiff." ALAN WRIGHT & ARTHUR MILLER, 6 FED. PRAC. & PROC. CIV. § 1446 (2d ed).

In the case at bar, the third-party defendant, AAIC, was the insurance carrier of the plaintiff at the time of the incident at issue. North Metcalfe VFD is now suing the defendant, Reberland, alleging negligent manufacturing or installation. AAIC is not, nor may it be, liable to Reberland for all or part of North Metcalfe VFD's claim against it for negligence in manufacture or installation; Reberland simply cannot be transferring the liability asserted against it to AAIC. Therefore, AAIC is an improper third-party defendant and AAIC's motion to dismiss the third-party complaint is granted.

The Court also finds the agreement between AAIC and North Metcalfe VFD was a loan receipt. A loan receipt agreement is one in which the insurer provides a loan to the insurer, which the insurer is obligated to repay only out of any net recovery it might obtain from those liable for the damage. *See Executive Jet Aviation, Inc. v. U.S.*, 507 F.2d 508, 510 (6th Cir. 1974). Kentucky law defines a loan receipt as "a legal fiction by which insurance companies are permitted to file a subrogation action in the name of their insured, in order to prevent the company from being prejudiced at a trial of the subrogation action should the jury become aware that the real party in interest is an insurance company." *Todd v. Ratcliffe*, 603 S.W.2d 925, 928 (Ky. Ct. App. 1980) (citing *Ratcliff v. Smith*, 298 S.W.2d 18 (Ky. 1957)).

Under Kentucky law, when the transaction is a loan receipt, the insured remains the real party in interest because the insurer avoids subrogation. *Aetna Freight Lines, Inc. v. R. C. Tway Co., Inc.*, 298 S.W.2d 293, 296, (Ky.1956); *State Farm Mutual Auto. Ins. Co. v. Hall*, 165 S.W.2d 838, 840 (Ky. 1942). The Court, looking to the intent of the parties to the transaction, however, must determine if the transaction is a loan or absolute payment resulting in subrogation. *State Farm Mutual Auto. Ins. Co.*, 165 S.W.2d at 840. The "Release and Trust Agreement" entered into between AAIC and North Metcalfe VFD was intended by the parties as a loan receipt. As the transaction was a loan, no subrogation of rights occurred.

Finally, the Court finds that AAIC is precluded from bringing any additional claims; all claims on behalf of AAIC must be brought through North Metcalfe VFD.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss is GRANTED. An appropriate order shall issue.